García et al., Recurrentes, *v.* El Registrado de San Juan, Recurrido.

Recurso gubernativo contra nota del Registrador de la Propiedad de San Juan, Sección Segunda, denegatoria de la inscripción de una escritura de venta en procedimiento ejecutivo.

No. 499.—Resuelto en julio 23, 1921.

Procedimiento Ejecutivo Hipotecario—Venta Judicial de Finca Cuyo Usufructo no Había Sido Hipotecado—Usufructo.—La mera manifestación del dueño del derecho de usufructo sobre una propiedad, de que está conforme con la hipoteca que constituyen las dueñas de la misma, posponiendo a la seguridad de la hipoteca su derecho de usufructo, no puede producir el efecto de convertir el usufructo en cierta especie de gravamen posterior; pero que sea esto o no cierto, toda vez que la proposición envuelta no es evidente por sí misma sino que puede ser controvertida, es una cuestión para ser resuelta en un pleito contencioso más bien que por el registrador quien no tiene ante sí otra prueba que una vaga y ambigua manifestación de la usufructuaria.

Los hechos están expresados en la opinión.

Abogado de los recurrentes: *Sr. E. López Tizol.*

El registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

Una hipoteca constituída por doña Asención Fernández y doña Francisca Miranda, dueñas con título a una casa y solar, expresa que doña Victoria Fernández está conforme con que se haga la hipoteca y a su seguridad pospone un usufructo que sobre esa finca le reconocieron doña Asención y doña Francisca en una escritura de partición de bienes pertenecientes a la herencia de don Dionisio Miranda.

No se pretende que los dueños de la finca o la usufructuaria intentaron o en realidad constituyeron una hipoteca sobre el interés usufructuario, ni se hizo parte demandada a la usufructuaria en los procedimientos sumarios que posteriormente se siguieron en ejecución de la hipoteca.

Sí aparece, sin embargo, que doña Victoria y el esposo de uno de los deudores hipotecarios fueron notificados de la orden preliminar y de los procedimientos al ser instituídos "para que al ser notificados pudieran tomar cualquier acción que mejor pudiera convenir a sus intereses."

Tanto la orden preliminar como la orden de venta firmada por el juez de distrito se referían en términos generales solamente a la propiedad hipotecada sin describirla, aunque el mandamiento expedido al marshal por el secretario como fué transcrito en la escritura otorgada por el marshal a favor de los acreedores hipotecarios describe la casa y el solar arriba referidos en primer término los que el marshal se compromete a traspasar a dichos acreedores hipotecarios por el importe de su postura, que representa algo más de las tres quintas partes del importe de la deuda, sin reserva o restricción de ninguna clase y con una cláusula que representa la entrega de la posesión.

Este documento fué inscrito en el registro de la propiedad en cuanto a la nuda propiedad de la finca así vendida, y denegada su inscripción en cuanto al derecho de usufructo de la misma que ya figuraba inscrito a nombre de Victoria

Fernández ''por los motivos de no constar inscrito sobre dicho usufructo el gravamen de hipoteca objeto de la ejecución, ni constar además que la señora Fernández haya sido parte demandada en la acción.''

La teoría de los acreedores hipotecarios tanto en los procedimientos de ejecución como en el recurso contra la calificación citada en último término parece ser la de que el efecto de la comparecencia de la usufructuaria ante el notario y lo arriba expresado en primer lugar respecto a su firma produce el efecto de convertir el usufructo en cierta especie de gravamen posterior; pero que sea o no esto cierto ha de depender de la significación y alcance de la cláusula en cuestión que es más bien singular. Una lectura cuidadosa de la misma sugiere al momento un número de cuestiones interesantes cuya enumeración ahora sería superflua. Será bastante con decir que la proposición envuelta no es evidente por sí misma sino que puede ser controvertida y por tanto una cuestión que ha de ser resuelta por una corte sentenciadora después de una vista, más que por el registrador de la propiedad que no tiene ante sí otra prueba que no sea la vaga y ambigua declaración contenida en el documento arriba citado en primer término.

La nota recurrida debe ser confirmada.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.